```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    19cv2274 (KAM)(PK)
------------------------------------------------------------X
TRAVIS LAZARE,                                                  **AMENDED COMPLAINT
                                                                AND JURY TRIAL
                                                                DEMAND**

                                        Plaintiffs,
        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, LT. ALI CHEIKHALI, TAX REGISTRY
#946677 OF THE 69TH PRECINCT and POLICE OFFICER
ESTRADA, SHIELD #3912 OF THE NEW YORK STATE
POLICE,
                                        Defendants,
------------------------------------------------------------X
```

Plaintiff, by and through his attorney, Law Office of Andrew C. Laufer, PLLC complaining of the Defendants herein, upon information and belief, respectfully show to this Court, and allege as follows:

## JURISDICTION

1. This is a civil action seeking compensatory damages, punitive damages, and attorney's fees.

2. This action is brought pursuant to the common law and statutory law of the State of New York and pursuant to 42 U.S.C §1983, and §1988 and the fourth, eighth, and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §1331, §1342 and §1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks monetary damages, as well as attorney's fees, for assault, battery and negligent screening, hiring, supervision, training, security, and retaining of the individual defendants.

5. The individual defendants are sued in their individual capacities a well as in their capacities as employees of defendants THE CITY AND STATE OF NEW YORK.

## VENUE

6. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this district.

## JURY TRIAL DEMAND

7. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PRELIMINARY STATEMENT

8. That at all times hereinafter mentioned, the Plaintiff was a resident of the County of Kings, City and State of New York.

9. That at all times hereinafter mentioned Defendant, THE CITY OF NEW YORK was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned, NEW YORK CITY POLICE DEPARTMENT was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

11. That at all times hereinafter mentioned Defendants, LT. ALI CHEIKHALI, TAX REGISTRY #946677 OF THE 69TH PRECINCT and TROOPER ESTRADA, SHIELD #3912 OF THE NEW YORK STATE POLICE, were and still are employed with the NEW YORK CITY AND NEW YORK STATE POLICE DEPARTMENTS, respectively.

12. That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the CITY OF NEW YORK on behalf of Plaintiff.

13. That the CITY OF NEW YORK held an examination of Plaintiff pursuant to Municipal Law 50H on November 30, 2018.

14. That at all time herein mentioned, LT. ALI CHEIKHALI, TAX REGISTRY #946677 OF THE 69TH PRECINCT and POLICE OFFICER ESTRADA, SHIELD #3912 OF THE NEW YORK STATE POLICE, were acting within the scope and course of their employment and under color of State Law.

15. That at all times herein mentioned, LT. ALI CHEIKHALI, TAX REGISTRY #946677 OF THE 69TH PRECINCT and POLICE OFFICER ESTRADA, SHIELD #3912 OF THE NEW YORK STATE POLICE were acting in their individual and official capacities as employees of Defendants THE CITY OF NEW YORK (CITY) and NEW YORK CITY AND NEW YORK STATE POLICE DEPARTMENTS, respectively.

16. That all the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## STATEMENT OF FACTS AS TO ALL CAUSES OF ACTION

17. On or about March 14, 2018, at approximately 6:30 p.m., Plaintiff TRAVIS LAZERE was lawfully a passenger in a motor vehicle traveling on the Belt Parkway at the Coney Island Exit, in the County of Kings State of New York.

18. At said time and place, said motor vehicle was pulled over by New York State Troopers one of which being Trooper Estrada who then called for backup from the New York City Police Department.

19. Thereafter, several NYPD officers from the 61st precinct appeared at the scene and proceeded to search the vehicle and its passengers, including the plaintiff.

20. Their search of the motor vehicle and the plaintiff resulted in finding nothing illegal.

21. Regardless and without probable cause, the plaintiff was arrested by Trooper Estrada and taken to the 61st precinct where Lt. Cheikhali oversaw and approved the said arrest.

22. Thereafter, plaintiff was taken to Central Booking.

23. Plaintiff was held for approximately 30 hours before being let out of the 'side door' prior to appearing before a judge. No charges were pursued thereafter against the plaintiff.

24. The individual Defendants, LT. ALI CHEIKHALI, TAX REGISTRY #946677 OF THE 69TH PRECINCT and POLICE OFFICER ESTRADA, SHIELD #3912 OF THE NEW YORK STATE POLICE, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of the law, thereby depriving Plaintiff of his rights, privileges and immunities secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, including without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable searches and seizure of his person, including the excessive use of force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification of which Plaintiff was aware and did not consent; (d) freedom from the lodging of false charges against them by police; (e) freedom from abuse of process; and (f) the enjoyment of equal protection, privileges and immunities under the laws.

### FIRST CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND NEW YORK STATE LAW PREDICATED UPON FALSE ARREST AND IMPRISONMENT

25. Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

26. That on or about March 14, 2018, at approximately 6:30 p.m., THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, its agents, servants and employees,

including but not limited to LT. ALI CHEIKHALI, TAX REGISTRY #946677 OF THE 69TH PRECINCT and POLICE OFFICER ESTRADA, SHIELD #3912 OF THE NEW YORK STATE POLICE, wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or justifiable grounds therefore.

27. That on or about March 14, 2018, at approximately 6:30 p.m., LT. ALI CHEIKHALI, TAX REGISTRY #946677 OF THE 69TH PRECINCT and POLICE OFFICER ESTRADA, SHIELD #3912 OF THE NEW YORK STATE POLICE, jointly and severally in their capacities as police officers, wrongfully stopped, handcuffed, and seized the Plaintiff about his person, causing him physical pain and mental suffering. At no time did Defendants have legal cause to stop, handcuff, seize or touch Plaintiff, nor did Plaintiff consent to this illegal touching nor was or privileged by law.

28. That on or about March 14, 2018, Defendants ESTRADA and CHEIKHALI, jointly and severally without any warrant, order or other legal process and without legal right, wrongfully and unlawfully arrested Plaintiff, restrained him and his liberty and then took him into custody to the 61ST Precinct.

29. That the aforesaid arrest, detention and imprisonment continued at the 61ST Precinct in Brooklyn, New York and elsewhere.

30. That the said arrest, detention and imprisonment was caused by the CITY, its agents, servants and employees, including but not limited to the Defendant police officer, without a warrant and without any reasonable cause or belief that Plaintiff was in fact guilty of any crime.

31. That the CITY, its agents, servants and employees, as set forth above, intended to confine Plaintiff; that Plaintiff was conscious of the confinement; that Plaintiff did not consent to the

confinement; and that the confinement was not otherwise privileged. Further, Plaintiff was held in excess of 24 hours without being arraigned or officially charged with a crime.

32. As a result of the aforesaid actions, including the arrest and imprisonment of Plaintiff without probable cause, Defendant Estrada deprived Plaintiff of the rights, privileges and immunities secured by the Constitution and Laws of the United States of America and the Fourteenth Amendment.

33. As a result of the aforementioned actions, Defendant Estrada and Cheikhali deprived Plaintiff of the right to be free from unreasonable search and seizures secured by the Constitution and Laws of the United States of America and the Fourth and Fourteenth Amendments.

34. As a result of the aforementioned actions, Defendants deprived Plaintiff of his right to liberty without due process of law secured by the Constitution and Laws of the United States of America and the Fifth and Fourteenth Amendments.

35. The aforementioned acts of Defendants were intentional, willful and malicious and performed with a reckless disregard for and deliberate indifference to Plaintiff's rights.

36. That by reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and was caused to suffer much pain in both mind and body, and to sustain economic loss, and was otherwise damaged.

37. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1983, 1988 and New York State law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, and each of them, on all of the foregoing causes of action, in the form of compensatory damages for their pain and suffering,

loss of enjoyment of life, and economic loss, in an amount that exceeds the jurisdictional limits of all lower courts that otherwise would have jurisdiction in the matter, and Plaintiff further demands punitive damages on all causes of action, in an amount to be determined by the trier of fact, together with attorney's fees, and together with costs and disbursements.

Dated: New York, New York
August 12, 2019

LAW OFFICE OF
ANDREW C. LAUFER, PLLC

_____
By: Andrew C. Laufer, Esq.,
Attorney for Plaintiff
255 W 36th Street, Suite 1104
New York, New York 10018
(212)422-1020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: 19cv2274

TRAVIS LAZARE,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, LT. ALI CHEIKHALI, TAX REGISTRY #946677 OF THE 69th PRECINCT and POLICE OFFICER ESTRADA, SHIELD #3912 OF THE NEW YORK STATE POLICE,

Defendants,

**AMENDED COMPLAINT AND JURY TRIAL DEMAND**

LAW OFFICE OF ANDREW C. LAUFER

**Attorney(s) for Plaintiff**

Office and Post Office Address
255 W. 36th Street, Suite 1104
New York, NY 10018

Tel: (212) 422 1020
Fax: (212) 422 1069

To:

Attorney(s) for:

Signature (Rule 130-1.1-a)
_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
that an order of which the within is a true copy
will be presented for settlement to the HON one of the judges of the
within named Court at
on            at            M.
Dated,

Yours, etc.

Law Office of Andrew C. Laufer