UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------- x
TRAVIS LAZARE,                      :
                                    :
                    Plaintiff,      :
                                    :
    -against-                       :    **MEMORANDUM AND ORDER**
                                    :
THE CITY OF NEW YORK, et al,        :    No. 19-cv-2274 (KAM)(PK)
                                    :
                    Defendants.     :
--------------------------------- x

**MATSUMOTO, United States District Judge:**

Plaintiff Travis Lazare ("Plaintiff") commenced this section 1983 action against Defendant Jason Estrada ("Defendant")[1] in connection with Plaintiff's arrest on March 14, 2018, alleging, *inter alia*, federal and state law claims for false arrest.[2] Presently before the Court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

---

[1] Pursuant to a stipulation of dismissal, dated December 4, 2019, which was ordered by this Court on December 5, 2019, Plaintiff withdrew all claims against Defendants the City of New York, New York City Police Department, and Ali Cheikhali. (*See* ECF No. 38, Stipulation of Dismissal; ECF No. 39, Order re Stipulation of Dismissal.)

[2] By letter filed on September 20, 2019, Plaintiff had clarified for the Court that he was seeking recovery for (1) false arrest, under federal and state law; (2) "negligent hiring, training, supervision, and retention," under state law; and (3) "for being held without a probable cause hearing for a time greater than 24 hours." (*See* ECF No. 29.) Plaintiff then withdrew his official-capacity and negligence claims against Defendant. (*See* ECF No. 45, Plaintiff's Opposition to Defendant's Motion to Dismiss, at 11; ECF No. 78, Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp."), at 10.) What remain are Plaintiff's individual-capacity claims against Defendant for false arrest, under federal and state law.   The Court does not consider Plaintiff's claims related to his allegedly excessive detention pre-arraignment and pre-probable cause hearing for the reasons discussed *infra*.

Procedure ("Rule 56").[3] For the reasons set forth below, Defendant's motion for summary judgment is GRANTED.

## BACKGROUND

As an initial matter, the Court notes that Plaintiff failed to cite to any admissible evidence in his opposing 56.1 Statement and thus has not disputed Defendant's 56.1 Statement. Instead, Plaintiff merely noted he "cannot admit or deny" eight of the eleven paragraphs and admitted to the other three paragraphs. (*See* ECF No. 77, Plaintiff's Rule 56.1 Statement ("Pl. 56.1 Stmt.").) Local Civil Rule 56.1 provides that "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served on the opposing party" and that "each statement controverting any statement of material fact[ ] must be followed by citation to evidence which would be admissible . . . ." Local Civ. R. 56.1(c)–(d). Therefore, the following

---

[3] In support of his motion for summary judgment, Defendant submitted the following: ECF No. 74, Defendant's Rule 56.1 Statement, ECF No. 73, the Declaration of Jason Estrada, dated June 10, 2020, and Exhibit A attached thereto, the arrest report prepared by Defendant in connection with Plaintiff's March 14, 2018 arrest. In opposition to Defendant's motion for summary judgment, Plaintiff submitted the following: ECF No. 77, Plaintiff's Rule 56.1 Statement, ECF No. 76, the Declaration of Andrew C. Laufer, and exhibits attached thereto, including Plaintiff's November 30, 2018 50-h examination transcript.

facts, taken from Defendant's Rule 56.1 Statement, are deemed admitted.

On March 14, 2018, Defendant received a License Plate Reader ("LPR") notification that the vehicle registered to New York State License Plate Number HSW4854 ("the Vehicle") was reported stolen.[4] (ECF No. 74, Defendant's Rule 56.1 Statement ("Def. 56.1 Stmt.") ¶ 2; ECF No. 73, Declaration of Jason Estrada ("Def. Decl.") ¶ 2; Def. Decl. Exhibit A.) At approximately 7:33 p.m., Defendant observed the Vehicle operating on the Belt Parkway near Exit 9, in Brooklyn, New York. (Def. 56.1 Stmt. ¶ 3; Def. Decl. Exhibit A.) Defendant activated his emergency lights and initiated a stop of the Vehicle. (Def. 56.1 Stmt. ¶ 4; Def. Decl. Exhibit A.) Plaintiff was a passenger in the Vehicle. (Def. 56.1 Stmt. ¶ 5; ECF No. 23, Amended Complaint ("Amended Compl.") ¶ 17.) Defendant approached the Vehicle and asked the driver to produce

---

[4] Plaintiff did not demonstrate that the statements in paragraphs 1 to 8 of Defendant's 56.1 Statement are genuinely disputed by stating that he could neither admit nor deny due to his lack of knowledge or information. (*See* Pl. 56.1 Stmt. ¶¶ 1–8.) *Scarpinato v. 1770 Inn, LLC*, No. 13-cv-0955(JS), 2015 WL 4751656, at *2 n.3 (E.D.N.Y. Aug. 11, 2015) ("Rather than respond appropriately to many of the factual statements in Defendants' Rule 56.1 Statement, Plaintiff's 56.1 statement instead 'denies possessing knowledge or information sufficient to form a belief as to the truth or the veracity' of Defendants' statements. . . . While the Court appreciates that such a response may be appropriate before discovery is concluded, such a response is flatly inappropriate at this stage of the case. Indeed, in the context of a local 56.1 statement, an answer that 'Plaintiff can neither admit nor deny this statement based upon the factual record' is not a sufficient response to establish a disputed fact. . . . Local Rule 56.1 is clear: 'Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted.' LOCAL CIV. R. 56.1(c). Accordingly, any of the Defendants' Rule 56.1 statements that are not specifically controverted are deemed admitted.") (internal citations and quotation marks omitted).

his driver's license.  (Def. 56.1 Stmt. ¶ 6; Def. Decl. Exhibit A.)  Defendant ran a search of the driver's license in the New York State Police Information Network ("NYSPIN") database, which revealed that it was suspended.  (Def. 56.1 Stmt. ¶ 7; Def. Decl. Exhibit A.)  Defendant also confirmed using the NYSPIN database that the Vehicle was still actively reported stolen.  (Def. 56.1 Stmt. ¶ 8; Def. Decl. Exhibit A.)  Defendant placed all three occupants of the Vehicle, including Plaintiff, under arrest.[5] (Def. 56.1 Stmt. ¶ 9; Def. Decl. Exhibit A; Pl. 56.1 Stmt. ¶ 9.) Plaintiff was charged with Unauthorized Use of a Motor Vehicle in violation of New York State Penal Law § 165.05(1).[6]  (Def. 56.1 Stmt. ¶ 10; Def. Decl. Exhibit A; Pl. 56.1 Stmt. ¶ 10.)  Plaintiff was held in custody for approximately 26 hours before being released.[7]  (Def. 56.1 Stmt. ¶ 11; Pl. 56.1 Stmt. ¶ 11; ECF No. 76, Declaration of Andrew C. Laufer ("Laufer Decl.") Exhibit C.)

---

[5] Plaintiff admits that he was placed under arrest.  (Pl. 56.1 Stmt. ¶ 9.)

[6] Plaintiff admits that he was charged with Unauthorized Use of a Motor Vehicle in violation of New York State Penal Law § 165.05(1).  (Pl. 56.1 Stmt. ¶ 10.) Although Plaintiff "den[ies] that he was operating the motor vehicle" and states that he "was a rear seated passenger within said vehicle," his status as the passenger, not the operator, of the Vehicle is not in dispute.  (*See* Def. 56.1 Stmt. ¶ 5 ("Plaintiff was a passenger inside of the Vehicle.").)  In addition, the Court finds that whether he was a front seat passenger or a rear seat passenger is not an issue of material fact.

[7] There is no genuine dispute as to the length of time for which Plaintiff was held in custody post arrest.  The Court finds that "26 hours and 22 minutes" and "approximately 26 hours" are synonymous.  (Def. 56.1 Stmt. ¶ 11; Pl. 56.1 Stmt. ¶ 11.)  In addition, whether Plaintiff was released "as all charges against him were dismissed," (Pl. 56.1 Stmt. ¶ 11), is not an issue of material fact, as the eventual dismissal of the charges has no bearing on whether there was probable cause to arrest Plaintiff.  Defendant has a complete defense to Plaintiff's federal and state law false arrest claims if there was probable cause to arrest Plaintiff.  *See Paulin v. Figlia*, 916 F. Supp. 2d 524, 531

## **LEGAL STANDARD**

Summary judgment shall be granted to a movant who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)), *cert. denied*, 565 U.S. 1260 (2012). No genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. . . . If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

When bringing a motion for summary judgment, the movant carries the burden of demonstrating the absence of any disputed issues of material fact. *Rojas*, 660 F.3d at 104. In deciding a summary judgment motion, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 83 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

---

(S.D.N.Y. 2013) ("Eventual dismissal of the charges does not affect whether there was probable cause at the time of the arrest.").

587 (1986)), *cert. denied,* 534 U.S. 1065 (2001).  A moving party may indicate the absence of a factual dispute by, *inter alia*, "showing . . . that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).

Once the moving party has met its burden, the non-movant must identify probative, admissible evidence on the record from which a reasonable factfinder could find in his or her favor. *Anderson*, 477 U.S. at 256–57.  The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible," *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).  Summary judgment "therefore requires the nonmoving party to go beyond the pleadings and by [his or] her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

**DISCUSSION**

## I.   Section 1983

Section 1983 provides that:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> . . . subjects, or causes to be subjected, any citizen
> of the United States . . . to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  *See also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  To maintain a Section 1983 claim, a plaintiff must allege two elements.  First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* *See also McCugan v. Aldana-Brnier*, 752 F.3d 224, 229 (2d Cir. 2014).

## II.   **False Arrest**[8]

With respect to Plaintiff's false arrest claims, Defendant argues that there are no disputed issues of material fact and that he is entitled to judgment as a matter of law. Specifically, Defendant contends that there was probable cause for Plaintiff's arrest, or, in the alternative, Defendant is entitled to qualified immunity because there was, at a minimum, arguable probable cause for the arrest. (*See* ECF No. 75, Memorandum in Support of Defendant's Motion for Summary Judgment ("Def. Mem."), at 1.)   Plaintiff argues that Defendant lacked probable cause and that even if there was probable cause for Plaintiff's arrest, the arrest was rendered void *ab initio* because Plaintiff's arraignment was unreasonably delayed. (*See* Pl. Opp. at 5—8.)

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, . . . is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citation omitted); *see also Jenkins*, 478 F.3d at 88.   Under New York law, the elements of a false arrest claim are: (1) defendant

---

[8] Plaintiff alleges false arrest and imprisonment in his Amended Complaint. (*See* Amended Compl. ¶¶ 25—37.)   "False arrest is simply false imprisonment accomplished by means of an unlawful arrest. . . . False arrest and false imprisonment are largely synonymous because an imprisonment starts at the moment of arrest." *Jenkins v. City of New York*, 478 F.3d 76, 88 n.10 (2d Cir. 2007) (citing 59 N.Y. Jur.2d False Imprisonment § 1).

intended to confine plaintiff; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995).

The existence of probable cause constitutes a "complete defense" to a false arrest claim under Section 1983 and New York state law. *Alvarado v. City of New York*, 453 F. App'x 56, 58 (2d Cir. 2011) (citing *Weyant*, 101 F.3d at 852). "Probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *McGuire v. City of New York*, 142 F. App'x 1, 1 (2d Cir. 2005) (citations and internal quotation marks omitted). When assessing whether probable cause existed, the reviewing court "must consider [only] those facts available to the officer at the time of the arrest and immediately before it." *Stansbury v. Wertman*, 721 F.3d 84, 89 (2d Cir. 2013) (alteration in original) (internal quotation marks omitted) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)); *see also Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006) ("[T]he probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest."). Courts look to the "totality of the circumstances" in assessing whether a defendant had probable

cause, and note that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002) (citing *Illinois v. Gates*, 462 U.S. 213, 232 (1983)); *see also Stansbury*, 721 F.3d at 89 ("A court examines each piece of evidence and considers its probative value, and then look[s] to the totality of the circumstances to evaluate whether there was probable cause to arrest and prosecute the plaintiff.")  (citations and internal quotation marks omitted).

Based on the undisputed facts in the record, the Court finds that there were sufficient facts to establish probable cause at the time of Plaintiff's arrest.  Plaintiff was a passenger in the Vehicle, (Def. 56.1 Stmt. ¶ 5; Amended Compl. ¶ 17), Defendant received a LPR notification that the Vehicle was reported stolen, (Def. 56.1 Stmt. ¶ 2; Def. Decl. ¶ 2; Def. Decl. Exhibit A), and Defendant used the NYSPIN database to confirm that the Vehicle was still actively reported stolen.  (Def. 56.1 Stmt. ¶ 8; Def. Decl. Exhibit A.)  Defendant was reasonable in relying on the information provided by the LPR and NYSPIN databases to conclude that Plaintiff was riding in a stolen vehicle.  *See Apostol v. City of New York*, No. 11-cv-3841(RRM), 2014 WL 1271201, at *4 ("NYSPIN provides reasonably trustworthy information" to support probable cause for arrest), *aff'd*, 607 F. App'x. 105 (2d Cir. 2015).

Additionally, under New York Penal Law § 165.05(1),[9] a person who rides in a vehicle without the consent of the owner is presumed to know that he does so without the owner's consent.[10] Therefore, given the confirmation from the NYSPIN database that the Vehicle was still actively reported stolen, and the statutory presumption allowing the knowledge of lack of consent to be imputed to a person who rides in a stolen vehicle, it was reasonable for Defendant to believe that Plaintiff was engaging in unauthorized use of the Vehicle in the third degree, in violation of New York Penal Law § 165.05(1).

Other than a bare recitation of the law on probable cause, Plaintiff's only argument for lack of probable cause is that he was not aware that the Vehicle was stolen. (*See* Pl. Opp.

---

[9] New York Penal Law § 160.05(1) states, "A person is guilty of unauthorized use of a vehicle in the third degree when . . . [k]nowing that he does not have the consent of the owner, he takes, operates, exercises control over, *rides in* or otherwise uses a vehicle.  A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent . . . ." N.Y. Penal Law § 160.05(1) (emphasis added).

[10] *See People v. McCaleb*, 25 N.Y.2d 394, 400–01 (1969) (holding that section 165.01(1)'s presumption satisfies due process, reasoning: "[t]here is a 'fair', 'natural' and 'rational' connection between the fact that a car is being used without permission of its owner, and the presumption that those in the car, driver and passengers alike, are aware they do not have permission.  The likelihood of innocent use or occupation of a 'stolen' vehicle is minimal, and in the rare instance could be easily explained, presenting no more than a light burden of going forward to make such explanation. . . . In that event a heavy burden will have been placed on the prosecution to negative this rebuttal of the presumption, in order to sustain conviction based on proof beyond a reasonable doubt . . . . But the unexplained use or presence in a stolen vehicle has a 'sinister significance' sufficient to justify the presumption that the unauthorized use is with knowledge."); *People v. Muriell*, 128 A.D.2d 554, 555 (1st Dep't 1987) ("The defendant's further claim that his mere presence in the stolen vehicle did not provide a basis for his arrest is similarly without merit, since Penal Law § 165.05(1) provides that such conduct constitutes the offense of unauthorized use of a vehicle in the third degree.").

at 5.)   In support of his argument, Plaintiff cites to the transcript of Plaintiff's 50-h examination.  (*See* Pl. Opp. at 5; Laufer Decl. Exhibit B.)  Whether Plaintiff had actual knowledge that the Vehicle was stolen is relevant for determining the sufficiency of the evidence to support a conviction of unauthorized use of a vehicle in the third degree, but it has no bearing on whether "the facts known by [Defendant] at the time of the arrest objectively provided probable cause to arrest."[11]  *Jaegly*, 439 F.3d at 153.  Because probable cause existed to arrest Plaintiff for unauthorized use of a vehicle in the third degree, Plaintiff was not falsely arrested.

Plaintiff also contends that even if there was probable cause to arrest him, the arrest was void *ab initio* because his arraignment was unnecessarily delayed.  (*See* Pl. Opp. at 5—8.) *See Watson v. City of New York*, 92 F.3d 31, 35—36 (2d Cir. 1996) (noting "the New York rule that '[a]n arrest, lawful in its inception, may nevertheless be rendered void *ab initio* for purposes of a false imprisonment action if there is an unnecessary delay in arraignment") (citations omitted).  *See also id.* at 37 ("[T]he common law tort of false imprisonment includes a right to recover for undue delay in arraignment.").  As to his § 1983 claim for

---

[11] Because Plaintiff does not argue, nor is there admissible evidence to support, that Plaintiff told Defendant, at the time of the arrest, that he did not know that the Vehicle was stolen, the Court does not consider whether such denial would have affected probable cause.

false arrest, because Plaintiff has failed to prove Defendant's personal involvement in his allegedly excessive pre-arraignment detention, the claim fails as a matter of law. "It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)) (internal quotation marks omitted). *See Tortora v. City of New York*, 15-cv-3717(MKB), 2019 WL 9100369, at *15 (E.D.N.Y. Mar. 30, 2019) (holding, with regards to the plaintiff's § 1983 false arrest claims, that plaintiff "has failed to prove the personal involvement of Defendants in his excessive pre-arraignment detention claim, thus his arrest cannot be deemed void *ab initio*."), *aff'd*, 804 F. App'x. 35 (2d Cir. 2020).

Plaintiff's state law claim for false arrest fails for the same reason. Though "New York has set a more stringent limit" than the federal constitutional standard requiring that an arrestee be arraigned within forty-eight hours, "providing that a time period over twenty-four hours is both unreasonable and violative of N.Y. C.P.L. Section 140.20(1)," *Sorensen v. City of New York*, No. 98-cv-3356(HR), 2003 WL 169775, at *3 (S.D.N.Y. Jan. 23, 2003), *aff'd in part, appeal dismissed in part*, 413 F.3d 292 (2d Cir. 2005), plaintiff has adduced no evidence whatsoever that Defendant had any involvement in the delay in Plaintiff's

arraignment.   *See Sorensen v. City of New York*, Nos. 98-cv-3356(HB), 98-cv-6725(HB), 2000 WL 1528282, *12–*13 (S.D.N.Y. Oct. 16, 2000) (dismissing the plaintiff's state law false imprisonment claims against individual officers, reasoning that the officers, whose involvement was over when their shifts ended, were, "as a matter of law, not liable for the delay in arraignment.").

Because there was probable cause for Plaintiff's arrest, and Plaintiff has failed to show Defendant's personal involvement in the alleged delay in his arraignment, Plaintiff's federal and state law claims for false arrest fail as a matter of law.[12]

---

[12] To the extent Plaintiff is attempting to assert claims for excessive delay in holding his arraignment or probable cause hearing that are separate and apart from his false arrest claims, the Court need not consider them, as they were not pleaded in the Amended Complaint. (*See* Amended Compl.)   *See DeFilippo v. N.Y.S. Unified Court Sys.*, 223 F. App'x 45, 46 (2d Cir. 2007) ("[T]he District Court did not abuse its discretion in prohibiting [plaintiff] from raising a due process claim for the first time in his opposition to defendants' summary judgment motion.").   In any event, such claims would fail as a matter of law. As an initial matter, the Second Circuit has made clear that New York Criminal Procedure Law § 140.20 does not provide a private right of action under which a plaintiff may bring a claim for excessive pre-arraignment detention. *Watson*, 92 F.3d at 36–37 (2d. Cir. 1996).   Additionally, the Supreme Court has held a jurisdiction that provides judicial determinations of probable cause "within 48 hours of arrest will, as a general matter, comply with the promptness requirement" of the Constitution. *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991); *see also Bryant v. City of New York*, 404 F.3d 128, 138 (2d Cir. 2005) ("What is constitutionally required is that, except in extraordinary circumstances, the arrestee be given a hearing into probable cause for the arrest within 48 hours.").   Although a delay of less than forty-eight hours can violate federal law "if the arrested individual can prove that his or her probable cause determination was delayed unreasonably," *Cnty. of Riverside*, 500 U.S. at 56, the "burden of showing that the delay was unreasonable" is squarely on the plaintiff, *Mazza v. City of New York*, 98-cv-2343(ILG), 1999 WL 1289623, at *10 (E.D.N.Y. July 13, 1999).   Plaintiff was detained for approximately 26 hours, within the forty-eight-hour period, and thus presumptively reasonable. And Plaintiff has failed to present any admissible evidence to support a finding that the delay was unreasonable or that Defendant caused the delay.

### III.   Qualified Immunity

Defendant further asserts that even if the Court were to find there was no probable cause, summary judgment is still warranted because he is entitled to qualified immunity. (*See* Def. Mem. at 9–10.)  Although the Court finds that Defendant is entitled to summary judgment on the merits with respect to Plaintiff's false arrest claims, the Court also finds that, in the alternative, Defendant is entitled to qualified immunity as a matter of law.

An officer is entitled to qualified immunity with respect to a false arrest claim if he had arguable probable cause for the arrest. *Zalaski v. City of Hartford*, 723 F.3d 382, 390 (2d Cir. 2013).  "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met."  *Id.* (citation and internal quotation marks omitted).  As with the probable cause inquiry, the court's inquiry regarding arguable probable cause is confined to the facts known to the arresting officer at the time of the arrest. *Betts v. Shearman*, 751 F.3d 78, 82-83 (2d Cir. 2014); *Picott v. Chatmon*, No. 12-cv-7202, 2017 WL 4155375(ER), at *5 (S.D.N.Y. Sept. 18, 2017).  The Second Circuit has affirmed that "'[a]rguable' probable cause should not be misunderstood to mean 'almost' probable cause. . . .  If officers of reasonable competence would have to agree that the

information possessed by the officer at the time of arrest did not add up to probable cause, the fact that it came close does not immunize the officer." *Jenkins*, 478 F.3d at 87.  Accordingly, an officer is entitled to qualified immunity, as a matter of law, only "if the *undisputed facts* and all permissible inferences favorable to the plaintiff show . . . that officers of reasonable competence could disagree on whether the probable cause test was met." *McClellan v. Smith*, 439 F.3d 137, 147-48 (2d Cir. 2006) (alteration and emphasis in original) (citations and internal quotation marks omitted).

The Court finds that Defendant is entitled to qualified immunity.  It was objectively reasonable for Defendant, once he confirmed that the Vehicle was still actively reported stolen, to presume, as the statute allows, that Plaintiff, who was riding in the Vehicle, did so without the owner's consent.  The Court therefore finds that it was objectively reasonable for Defendant to believe that he had probable cause to arrest plaintiff and that there was no deprivation of a constitutional right.

## CONCLUSION

For the foregoing reasons, Defendant' motion for summary judgment is GRANTED.  The Clerk of the Court is respectfully requested to enter judgment in favor of Defendant and close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
       December 21, 2021

                              _____/s/_____
                              **KIYO A. MATSUMOTO**
                              United States District Judge
                              Eastern District of New York

17